IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HERMAN JEROME HARDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:03-1164 |
| ) | Judge Trauger |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM and ORDER

The defendant, who prevailed at trial, has filed a Motion for Discretionary Costs (Docket No. 87), to which the plaintiff has responded in opposition (Docket No. 90). The defendant requests "copy fees" in the amount of $3,024.62 and court reporter and transcript expenses for three depositions in the amount of $1,856.72.

Rule 54(d)(1), FED.R.CIV.P., provides, in part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The factors to be considered in deciding whether the losing party has overcome the presumption in favor of awarding costs include: "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Knology, Inc. v. Insight Communications Co.*, 460 F.3d 722, 726-27 (6th Cir. 2006) (internal citations omitted)

Here, the plaintiff's good faith in bringing suit cannot be questioned. He survived the defendant's motion for summary judgment and the defendant's motions for directed verdict made during the trial. This was one of those close cases that needed to be determined by a jury, given the plaintiff's legitimate legal theory but somewhat disadvantageous facts. Having heard

1

only two days of proof, the jury took a full four hours to decide the case.

As to the second factor, this was a difficult case, in that the jury had to decide whether or not Steve Herald was, indeed, "similarly situated" to the plaintiff and then whether or not the defendant's stated reason for terminating the plaintiff was a pretext for discrimination. These are sophisticated concepts that are difficult to present and argue to a jury.

The third factor, the defendant's behavior, does not weigh in the plaintiff's favor; the court finds nothing offensive about the defendant's conduct of the case. As to the necessity for the costs requested, the court reporter and transcript expenses would certainly be appropriate, but over $3,000 dollars in "copy fees" is hard to justify, when there is no itemization of these fees and, in all likelihood, they relate to the motion for summary judgment, on which the defendant did not prevail.

On balance, the court finds that the plaintiff has overcome the presumption that fees should be awarded against him, and the Motion for Discretionary Costs (Docket No. 87) is **DENIED**.

It is so **ORDERED**.

ENTER this 23rd day of April 2007.

_____
ALETA A. TRAUGER
U.S. District Judge

2